# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JACSON A. RORKE,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 1:10-1955** |
| v. | : | **(CONNER, D.J.)** |
| | | **(MANNION, M.J.)** |
| **JESSICA G. RORKE, COREY KLINEDINST, and ATTORNEY LEANNE M. MILLER,** | : | |
| | : | |
| **Defendants** | : | |

## REPORT AND RECOMMENDATION

On September 20, 2010, the plaintiff, proceeding *pro se*, filed the instant action pursuant to 42 U.S.C. §1983 and 42 U.S.C. §§12101, et seq. (Doc. No. 1). On the same day, the plaintiff filed a motion for leave to proceed *in forma pauperis*. (Doc. No. 2). Upon review, it is recommended that the plaintiff's motion to proceed *in forma pauperis* be granted and his complaint be dismissed in part and remanded to the undersigned for further factual development.

Taking as true the allegations of the plaintiff's complaint, on February 22, 2008, the plaintiff filed charges against defendant Jessica Rorke for assault.

On March 14, 2008, defendant Rorke filed a Protection from Abuse Act petition, ("PFA"), against the plaintiff which contained a false statement relating to the plaintiff's mental health, in that defendant Rorke indicated that the plaintiff is bi-polar when, in fact, he has Attention Deficit Hyperactivity Disorder ("ADHD").

Between September 15, 2008[1], and November 12, 2008, defendant Rorke filed various criminal charges against the plaintiff in Maryland; Adams County, Pennsylvania; and York County, Pennsylvania. While the plaintiff entered a guilty plea to the charges in Pennsylvania, on May 14, 2009, after a trial by jury, the plaintiff was found guilty of the charges filed against him in Maryland, which consisted of second degree assault and a violation of the PFA. The plaintiff claims that the issue of his ADHD was never addressed at trial.

On May 20, 2009, defendant Rorke filed for custody of the couple's minor son.

On July 8, 2009, the plaintiff was sentenced to sixty days of incarceration on his Maryland conviction. He alleges again that the issue of his ADHD was not addressed. The plaintiff was ultimately released from his sentence on August 14, 2009.

On September 3, 2009, defendant Rorke filed additional charges against the plaintiff in York County.

Defendant Rorke then apparently retained the services of defendant Miller, who filed a modification of the PFA to make it a no-contact order. On October 28, 2009, before the child custody proceedings, the plaintiff alleges that defendant Miller tried to intimidate him. Apparently, at the hearing

---

[1]The plaintiff lists the date of these actions as September 15, **2009**; however, given the sequence of events set forth by the plaintiff, it is believed that the intended date is September 15, **2008**.

2

defendant Miller brought to the attention of the judge the charges pending against the plaintiff and a "5303 evaluation" was ordered. According to the plaintiff, he was subsequently incarcerated.

On November 12, 2009, the plaintiff alleges that defendant Miller "pushed to have [his] parental rights taken away." Also on this date, another PFA order was issued.

On November 27, 2009, the plaintiff alleges that he received threatening and intimidating text messages from defendant Klinedinst and threatening and intimidating e-mails from defendant Rorke.

On January 22, 2010, a temporary child custody order which was in place was made permanent.

Based upon the above allegations, the plaintiff seeks monetary damages against all defendants.

To the extent that the plaintiff brings the instant action as a civil rights action pursuant to §1983, the plaintiff must show that the defendants, acting under color of state law, deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; Morse v. Lower Merion School District, 132 F.3d 902 (3d Cir. 1997); Maine v. Thiboutot, 448 U.S. 1 (1980). Here, it is clear from the complaint that none of the defendants are state actors, but are private parties. Therefore, the plaintiff's complaint should be dismissed to the extent that it is brought pursuant to §1983.

The plaintiff's ADA claim, although tenuous at best, requires more

factual development at this time. Therefore, should the court adopt this report recommending dismissal of the plaintiff's §1983, upon remand, the court will allow the plaintiff to file an amended complaint concerning his ADA claim.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

**(1)** the plaintiff's motion to proceed *in forma pauperis*, (Doc. No. 2), be **GRANTED**;

**(2)** the plaintiff's complaint be **DISMISSED** to the extent that it is brought pursuant to §1983; and

**(3)** the instant action be remanded for further factual development of the plaintiff's ADA claim.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date:** October 6, 2010
\O:\shared\REPORTS\2010 Reports\10-1955-01.wpd