# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JACSON A. RORKE,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 1:10-1955** |
| **v.** | : | **(CONNER, D.J.)** |
| | | **(MANNION, M.J.)** |
| **JESSICA G. RORKE, COREY KLINEDINST, and ATTORNEY LEANNE M. MILLER,** | : | |
| **Defendants** | : | |

## REPORT AND RECOMMENDATION

On September 20, 2010, the plaintiff, proceeding *pro se*, filed the instant action pursuant to 42 U.S.C. §1983 and 42 U.S.C. §§12101, et seq. (Doc. No. 1). On the same day, the plaintiff filed a motion for leave to proceed *in forma pauperis*. (Doc. No. 2). By report dated October 6, 2010, it was recommended that the plaintiff's motion to proceed *in forma pauperis* be granted and his complaint be dismissed in part and remanded to the undersigned for further factual development. (Doc. No. 3). Specifically, the court recommended that the plaintiff's §1983 claims be dismissed as none of the defendants were state actors and, although tenuous at best, his ADA claim be remanded for factual development. By order dated November 8, 2010, the district judge adopted the report of the undersigned and remanded the action for further factual development of the plaintiff's ADA claim. (Doc. No. 4). Upon remand, the plaintiff was directed to file an amended complaint on or before February 28, 2011, setting forth the basis of his ADA claim. (Doc. No. 6). On February 28, 2011, the plaintiff filed his amended complaint. (Doc. No. 7).

Upon review, the plaintiff's amended complaint contains many of the same allegations set forth in his original complaint[1]. In fact, the only allegations related to the ADA read as follows:

> Also the fact that [defendant] Jessica Rorke Had filed ICC Charge 09-MD-1935 that was heard on October 30, 2009 in front of Judge Uhler. That was filed in [retaliation] which was a volation (sic) under the ADA Act of 1990 under section 12203.

(Doc. No. 7).

Title 42 U.S.C. §12203 forbids retaliation against anyone for opposing actions made unlawful under the ADA or for participating in a charge under the ADA. §12203(a). It also forbids coercion or intimidation against anyone exercising his or her rights under the statute. §12203(b). Anyone subject to retaliation or coercion in violation of §12203 shall have "[t]he remedies and procedures available" under the specific enforcement provisions of Titles I, II, and III, with respect to retaliation concerning those respective provisions. §12203(c). Based upon this language, a plaintiff will have different remedies depending on the particular rights of the ADA at issue.

In this case, there are no allegations made by the plaintiff involving retaliation for the exercise of rights under Title I of the ADA relating to employment. In addition, there are no claims involving retaliation for exercising rights under Title II of the ADA for discrimination by public entities.

---

[1]Those claims were set forth in the court's original report and will not be repeated herein as they are apparently irrelevant to the plaintiff's present ADA claim.

Finally, there are no claims involving retaliation for exercising rights under Title III of the ADA relating to public accommodations.

In addition, although the Third Circuit has apparently not yet determined the matter of individual liability for retaliation claims under the ADA, See Datto v. Harrison, 664 F.Supp.2d 472 (E.D.Pa. 2009), it has addressed the matter of individual liability claims for each of the ADA's other three titles. To this extent, individual liability is not available for discrimination claims brought under Title I or Title II of the ADA. Id. (citing Koslow v. Commonwealth of Pa., 302 F.3d 161, 178 (3d Cir. 2002) ("there appears to be no individual liability for damages under Title I of the ADA"); Emerson v. Thiel College, 296 F.3d 184, 189 (3d Cir. 2002) ("individuals are not liable under Titles I and II of the ADA") (citations omitted)). The Third Circuit has held that there is individual liability under Title III of the ADA; however, such liability applies only to an individual who owns, leases, or operates a place of public accommodation. Id. (citing Emerson, 296 F.3d at 189).

Considering the scant allegations in the plaintiff's amended complaint, it is apparent that the plaintiff has not set forth an adequate retaliation claim under the ADA. As such, his amended complaint should be dismissed for his failure to state a claim upon which relief can be granted.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:** the plaintiff's amended complaint, **(Doc. No. 7)**, be **DISMISSED** for the plaintiff's failure to state a claim upon which relief can be granted.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date:** March 17, 2011
\O:\shared\REPORTS\2010 Reports\10-1955-02.wpd